IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ROBERT DALE DAVIDSON,

       Petitioner,       Civil No. 07-960-AA

       v.       ORDER

CHARLES DANIELS,

       Respondent.

AIKEN, District Judge.

    Petitioner, a federal prisoner in the custody of the Bureau of Prisons, filed a petition under 28 U.S.C. § 2241 alleging that respondent is violating his First, Fifth and Fourteenth Amendment rights by maintaining inaccurate records concerning petitioner's convictions. Petitioner also alleges violations of the Privacy Act, 5 U.S.C. § 552(e)(5) and seeks injunctive relief requiring respondent to "correct" the records at issue herein.

    Respondent now moves to dismiss (#8) for lack of subject matter jurisdiction and for failure to state a claim.

1 - ORDER

28 U.S.C. § 2255 provides that a federal inmate "may move the court which imposed the sentence to vacate, set aside or correct the sentence." Petitioner is challenging the correctness of his judgment order and related information in his Pre-sentence Report.

Petitioner previously filed a § 2255 motion, <u>see</u>, <u>United States v. Davidson</u>, 1997 U.S. App. LEXIS 24687 (9th Cir. 1997 (unpublished opinion), but did not raise a challenge to the correctness of the judgment order in that proceeding. <u>Id</u>. Petitioner sought to raise his correctness claim in a second § 2255 motion and was denied authorization to file a second or successive § 2255 petition. Respondent's Exhibit 1, CR 374. Despite the Ninth Circuit's denial of authorization, petitioner filed a second motion under 28 U.S.C. § 2255 in the District Court, <u>Id</u>., CR. 376, and the motion was denied. Respondent's Exhibit 1, CR 390.

Generally, motions to contest the legality of a sentence must be filed under 28 U.S.C. § 2255 in the sentencing court. <u>Hernandez v. Campbell</u>, 204 F.3d 861, 864 (9th Cir. 2000). However, under the savings clause of § 2255, a federal prisoner may file a habeas corpus petition under 28 U.S.C. § 2241 to contest the legality of his conviction or sentence if his remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." <u>Id.</u>; <u>*Lorentsen v. Hood,*</u> *223 F.3d 950, 953 (9th Cir. 2000);* <u>*Moore v. Reno,*</u> *185 F.3d 1054, 1055 (9th Cir. 1999),* <u>*cert.*</u> <u>*denied*</u>*, 120 S.Ct. 1214 (2000).*

The § 2241 remedy is not available under the inadequate-or-ineffective-remedy escape hatch of §2255 merely because the court of appeals refuses to certify a second or successive motion under the gate-keeping provisions of § 2255.[1] Lorentsen, 223 F.3d at 953 (citing Moore v. Reno, 185 F.3d 1054). Nonetheless, several courts have recognized that a § 2255 motion may be "inadequate or ineffective" where permission to file a successive motion is denied, holding that in limited circumstances resort to § 2241 is allowable. See, e.g., Wofford v. Scott, 177 F.3d 1236 (11th Cir. 1999); In re Davenport, 147 F.3d 605 (7th Cir. 1998), Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997); In re Dorsainvil, 119 F.3d 245 (3rd Cir. 1997). The Ninth Circuit has declined to decide whether to allow such actions. Lorentsen, 223 F.3d at 954.

In the cases that do allow resort to § 2241 where the gate-keeping mechanism of § 2255 cannot be satisfied, one theme holds clear. As the Ninth Circuit characterizes them, "each of those cases holds, in essence, that a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, may resort to § 2241 if the possibility of relief under § 2255 is foreclosed."

---

[1] Under the AEDPA, a second or successive § 2255 motion may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law ... that was previously unavailable." United States v. Lorentsen, 106 F.3d 278 (9th Cir. 1997).

In this case, petitioner fails to establish either prong of the test. Petitioner has not alleged any facts that would establish that he is "actually innocent of the crime of conviction." In addition, petitioner had an "unobstructed procedural shot" - which he missed by not presenting the claim alleged in this proceeding in his first § 2255 motion.

As noted in <u>Porter v. Adams</u>, 244 F.3d 1006, 1007 (9th Cir. 2001), [m]erely labeling a section 2255 motion as a section 2241 petition does not overcome the bar against successive section 2255 motions," and may not be used as a means of circumventing section 2255 procedural limitations.

Petitioner is attempting to use § 2241 to raise the same substantive claim that he attempted to raise in his unauthorized successive § 2255 motion. Therefore, this court is without jurisdiction to consider petitioner's claim.

<u>Privacy Act claim:</u> Petitioner alleges that respondent is violating 5 U.S.C. § 552a(e)(5) by maintaining inaccurate records in petitioner's BOP files. Specifically, petitioner alleges that the drug quantities specified in the District Court's Judgment Order and the related Pre-sentence Report refer to the drug quantities set forth in his Second Superceding Indictment, but that the jury was instructed at trial that it need only find that there was a "measurable amount of methamphetamine" to support a guilty verdict.

5 U.S.C. § 552a(e)(5) requires federal agencies to maintain an accurate and complete records system. §

555a(g)(1)(C) provides for a private civil action against an agency that fails to maintain inaccurate records that result in adverse consequences to an individual.

In this case, respondent's records are accurate. The record reflects that petitioner's BOP file contains true copies of the Judgment Order as it was issued by the District Court, and the PSR as it was generated by the U.S. Probation Office and used by the court in sentencing. <u>See</u>, Declaration of William Cooley (#10), p. 2-3.

Respondent has no authority to alter court judgments. The correction of judgments in the providence of the **court**. <u>See</u>, Fed. R. Crim. P. 32(k); 35, 36, and 60(a); <u>see also</u>, <u>Standley v. Department of Justice</u>, 835 F.2d 216, 218 (9th Cir. 1987) ["the Privacy Act does not apply to records of 'the courts of the United States.'"], and <u>Buxton v. U.S. Parole Commission</u>, 844 F. Supp. 642, 644 (D. Or. 1994) [respondent has "no duty to investigate the accuracy of a pre-sentence report ..."].

In addition, petitioner's Privacy Act claim fails because he has not demonstrated any harm or "unfairness[2]" arising from the alleged inaccuracies in his file. The response to petitioner Regional Administrative Remedy Appeal (BP10) states: "The drug amounts listed in the Pre-Sentence Report (PSR) and J&C [Judgment and Commitment] are used to determine

---

[2]§552a(e)(5) requires federal agencies to maintain a file "as is reasonably necessary to assure fairness to the individual."

classification of an inmate within the Bureau of Prisons (BOP). Both amounts reviewed result in the same offense severity score. Therefore, there are no decisions being made by the BOP that adversely affect your custody." <u>See</u>, Brief in Support (#2), Attachments, p. 7.

Based on the foregoing, petitioner's Petition (#1) is denied. Respondent's Motion to Dismiss (#8) is allowed. This proceeding is dismissed.

IT IS SO ORDERED

DATED this __28__ day of October, 2007.

_____/s/ Ann Aiken_____
Ann Aiken
United States District Judge